**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-00701-WJM-NYW

BARACK OCHONDO,
*on behalf of himself and all others
similarly situated*,

      Plaintiff,

v.

SPECIALIZED LOAN SERVICING LLC,

      Defendant.

---

**JOINT STIPULATED DOCUMENT PRODUCTION PROTOCOL**

---

## 1.    PURPOSE

This Order will govern discovery of electronically stored information ("ESI") and paper documents in the above-captioned case.

## 2.    COOPERATION

The parties are required to cooperate in good faith throughout the matter regarding discovery of ESI.

## 3.    PRESERVATION

The parties must discuss their preservation obligations and needs and must preserve potentially relevant ESI, which will be reasonable and proportionate.  To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the potentially relevant ESI in each party's respective possession, custody or control as of the date this litigation was commenced shall be preserved.

{00101126;1}

4.      **PRODUCTION FORMATS**

**General Agreement**

The Parties shall produce documents in searchable PDF (where available), or in Native Format, or TIFF Format.  Notwithstanding the foregoing, the Party producing documents reserves the right to produce it in another reasonably useable format if such documents are not susceptible to production in the formats or methods of production addressed herein. If particular documents warrant a different format, the parties will cooperate regarding the mutually acceptable production of such documents in an alternative format.  A party that receives a document produced in PDF or TIFF or other format may make a reasonable request to receive the document in its native format based on good cause, and the parties shall meet and confer in good faith regarding such request.

**Production of Certain Files in Native Format**

The parties shall produce unredacted Excel, unredacted PowerPoint, unredacted presentations, .CSV, .WAV, .VCF, .WMV, and other audio, video, or animation files in Native Format.

Microsoft Word or other word-processing non-privileged documents that contain tracked changes or comments; and structured files may be produced in native format.  Alternatively, at the producing party's option, they may be produced as TIFF images, as long as they contain the tracked changes and comments contained in the original.

**Image File Production**

To the extent documents are produced in TIFF format they will be produced using Group 4 compression with at least 300 dots per inch ("dpi") resolution.  Images may be reduced by up to 10% to allow for a dedicated space for page numbering and other endorsements of documents. Images will be in black and white, unless color is necessary to understand the meaning of the document.

To the extent documents are produced in TIFF format,  they will be provided with a delimited data file or "load file," which will include both an image cross-reference load file (such as an Opticon file)

[PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS

as well as a metadata (.dat) file with the metadata fields identified below on the document level to the extent available.  The load file must reference each TIFF in the corresponding production. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load files in the production. Each page of any such documents will be electronically saved into an image file. If a document is more than one page, the unitization of the document and any attachments will be maintained as it existed in the original form and reflected in the load file.  The parties will make their best efforts to unitize documents correctly.

### Bates Numbering

Each image shall be assigned a unique Bates number, unless there is a legitimate reason not to assign a unique Bates number to a document, in which case the parties shall meet and confer regarding the same.

### Metadata Production

To the extent documents are produced in TIFF format, the parties shall provide metadata fields, to the extent such metadata exists, as noted above and described in Appendix A.

### Confidentiality Designations

If a particular paper document or ESI item qualifies for confidential treatment pursuant to any applicable federal, state, or common law (e.g., Personally Identifiable Information), or to the terms of the Stipulated Protective Order [Doc. 30] or a confidentiality stipulation entered into by the parties, the designation shall be branded on the document's image at a location that does not obliterate or obscure any part of the underlying images or in a log stating what information, data, or documents shall be treated as confidential.  [See Stipulated Protective Order § 6(c)].  Failure to comply with the procedures set forth in this Order, any protective order or confidential order, or any confidential stipulation shall not waive any protection or confidential treatment.

[PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PAPER
DOCUMENTS

**De-Duplication**

A party is only required to produce a single copy of a responsive document.  A producing Party is not required to produce the same information in both hard copy and electronic format, or in both Native Format and another electronic format. Parties may globally de-duplicate stand-alone documents or entire document families using hash value matching (such as MD5 or SHA-1 values) across all custodians (global). ESI that is not an exact duplicate may not be removed.  To the extent the parties de-duplicate stand-alone electronic documents against an e-mail attachment, the attachment to the e-mail must be the document that is produced.  If duplicate responsive documents are removed prior to production, the metadata of the produced documents will, to the extent reasonably possible, include the metadata of the removed documents (such as the names of everyone who had those documents prior to de-duplication).

**Production of Emails**

To the extent the parties agree to, or the Court orders, an email search, and pursuant to their duty to cooperate and to reduce the burden in filtering out ESI that is not the appropriate subject of discovery, the parties will meet and confer regarding custodians, search terms, and allocation of costs under Rule 1 and 26(c)(1)(B). This agreement requires only that the parties meet and confer on cost-sharing, and nothing in this agreement implies that cost-sharing is appropriate or necessary in this case. To the extent necessary, the parties will modify search terms based on hit results to tailor the search terms appropriately.  Such modification may include the right to add search term(s) or to otherwise narrow the search to ensure that responsive and relevant documents are produced.  An agreement to run search terms is not an agreement to produce every document that hits on every search term.  Either party may propose adding additional custodians and the parties agree to meet and confer regarding modifications to the initial list of custodians.

Parent-child relationships (the association between emails and attachments) will be preserved,

[PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS

and attachments to e-mails will not be eliminated from the parent e-mail. Email attachments will be consecutively produced with the parent email, and families will be associated using attachment range metadata.

**Production of Paper Documents**

A party may make paper documents available for inspection and copying in accordance with Fed. R. Civ. P. 34(b)(E), however, nothing in this Agreement permits a party to avoid producing documents that are maintained in electronic format in that format.

5.      **DOCUMENTS PROTECTED FROM DISCOVERY**

**Non-Waiver of Protection**

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, <u>unless affirmatively used or allowed to be affirmatively used,</u> is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. Nothing in this paragraph shall require a party to produce documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**Redactions**

Any redactions made by a party shall be identified as redacted on the document, the title, or within the "REDACTED" metadata field as applicable, and all redactions shall be logged on the privilege log with a notation stating the reason for the redaction. Provided, however, that redactions

of personal information, like account numbers, social security numbers, and the like, need not be logged.  Each party reserves the right to object to any redaction and to seek an order from the Court requiring the producing party to produce an unredacted version after meeting and conferring in an attempt to agree to removal of the redaction.

### Privilege Logs

Communications involving trial counsel or counsel of record in this action that post-date the filing of the complaint need not be placed on a privilege log.  The parties agree to meet and confer to address undue burden related to this requirement.  The privilege log will be produced within 35 days of substantial completion of the parties' document production, and supplemented if necessary thereafter.

### "Clawback" of Documents

Any party that inadvertently discloses or produces a document or ESI that it considers privileged or otherwise protected from discovery will give written notice to the receiving party, identifying the document or ESI in question, the asserted privilege or protection, and the grounds therefor.

Upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the receiving party will:

(a) If the receiving party has not examined the document or ESI subject to the Clawback, the receiving party will not examine the documents and must abide by the producing party's instructions as to their disposition, including returning and destroying them as set forth below.

(b) If the receiving party has examined them, and to whatever extent the receiving party contests the assertion of privilege or protection, the receiving party shall promptly notify the producing party of the dispute and the parties shall attempt to agree on how to handle the matter.  To the extent the parties cannot come to an agreement, the parties shall comply with NYW Civ. Practice

Standard 37.1, Informal Discovery Dispute Procedure, or any other applicable Practice Standards, prior to filing a motion.  Unless otherwise agreed in writing, during the pendency of the dispute, the receiving party shall maintain the contested documents or ESI in confidence and not use them for any purpose other than related to the resolution of the dispute until the parties or the Court resolves the dispute.

(c) If the documents or ESI are required or agreed to be returned or destroyed under subsections (a) or (b) above, the receiving party shall promptly certify in writing to the producing party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

Nothing in this Stipulation will relieve any party of its applicable ethical duties and obligations related to inadvertent disclosure of documents.

In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, the parties shall comply with NYW Civ. Practice Standard 37.1, Informal Discovery Dispute Procedure, or any other applicable Practice Standards, prior to filing a motion..

## 6.  MODIFICATION

This Order may be modified by written agreement of the parties, a Stipulated Order of the parties or by the Court for good cause shown.

## 7.  MISCELLANEOUS PROVISIONS

a.  This Order shall not enlarge, reduce, or otherwise affect the scope of discovery in this action as imposed by the Federal Rules of Civil Procedure, the Local Rules and/or any other Court Orders.  The parties reserve all rights to make objections when responding to document requests. Nothing in this Order establishes any determination as to either the temporal or subject matter scope

[PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS

of discovery in this case.

      b.     Nothing in this Order shall prevent, restrict, or otherwise affect a party from seeking a Protective Order under Rule 26(c).

      c.     In the event of any dispute between the parties related to this protocol or if the parties are unable to reach agreement on any matters hereunder following their meet and confer efforts, the parties shall comply with NYW Civ. Practice Standard 37.1, Informal Discovery Dispute Procedure, or any other applicable Practice Standards, prior to filing a motion.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 9, 2020

*/s/ Hassan A. Zavareei*
Hassan A. Zavareei
Katherine M. Aizpuru
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, D.C. 20036
202-973-0900 (p)
202-973-0950 (f)
hzavareei@tzlegal.com
kaizpuru@tzlegal.com

Victor S. Woods
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, West Virginia
(304) 345-6555 (p)
(304) 342-1110 (f)
jmarshall@baileyglasser.com
*Attorneys for Plaintiff and the Proposed Class*

DATED: July 9, 2020

*/s/ Matthew A. Morr*
Matthew A. Morr, #35913
Chad P. Jimenez, #45136
BALLARD SPAHR LLP
1225 Seventeenth Street, Suite 2300
Denver, Colorado  80202
Telephone: 303-292-2400
Facsimile: 303-296-3956
morrm@ballardspahr.com
jimenezc@ballardspahr.com

*Attorneys for Defendant*

8

[PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: July 9, 2020

_____
United States ~~District~~/Magistrate Judge

~~[PROPOSED]~~ ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND PAPER
DOCUMENTS

**APPENDIX A**
ESI PRODUCTION METADATA FIELDS

| Field Name | Content Specifications |
|---|---|
| Author | Author field extracted from the metadata of a non-email document (Note: this does not include sender of an email. See "from" field.) |
| BCC | BCC or blind carbon copy field extracted from an email message |
| BeginBates | Beginning Bates number of document |
| CC | CC or carbon copy field extracted from an email message |
| Company | Company name, present in Office documents and some PDFs |
| CreateDate | Date that a file was created |
| CreateTime | Time that a file was created |
| CustodianName | Name of the custodian of the file(s) produced (last name, first name) |
| EndBates | Ending Bates number of document |
| Filename | Filename as it existed where it was saved |
| From | From field extracted from an email message |
| Hash | MD5 or SHA-1 unique 32 or 40 character hexadecimal value, respectively. A "digital file fingerprint". |
| LastAccessedDate | The last time a document was opened. Maps to modified date. |
| LastAccessedTime | The last time a document was opened. Maps to modified date. |
| LastModifiedDate | Modification date(s) of a non-email document |
| LastModifiedTime | Modification time(s) of a non-email document |
| LastPrintedDate | The last time the document was printed |
| LastPrintedTime | The last time the document was printed |
| NativeFilename | Filename to produced native file |
| NativePath | Path to produced native file |
| OriginalFilepath | Original filepath of the document |
| PageCount | Number of pages in the document |
| ParentID | ID of the parent of the document |
| ReceivedDate | Received date of an email message (mm/dd/yyyy format) |
| ReceivedTime | Received time of an email message |
| SendDate | Sent date of an email message (mm/dd/yyyy format) |
| SendTime | Sent time of an email message |
| Subject | Subject (or "re" line) of an email |
| Tags | Tags or codes added by users |
| Title | Title of the document, present in Office documents and some PDFs |
| To | To or Recipient field extracted from an email message |